| -WALTZER, Judge.
Defendant, LeBreton, appeals the trial court’s judgment awarding damages to plaintiffs, Sherwin-Williams and Brown’s Drywall.
FACTS AND HISTORY OF THE CASE
Two companies, Sherwin-Williams and Brown’s Drywall, sued the LeBretons and NM Ventures, Inc. to recover money owed on a contract to renovate certain property. On 25 February 1999, a trial was conducted. On 5 March 1999, the trial court rendered a judgment in favor of Sherwin-Williams and Brown’s Drywall against both NM Ventures, Inc., and Walter Le-Breton.
The trial court found that Walter Le-Breton contracted with Brown’s Drywall for certain work in connection with his renovation of certain property. Brown’s Drywall bought materials from Sherwin-Williams to perform the work under this contract. The trial court rendered judgment against LeBreton and NM Ventures, Inc., in favor of Brown’s Drywall in the amount of $8,387 and in favor of Sherwin-Williams in the amount of $3,353.97.
LeBreton appeals arguing that he is not liable to plaintiffs, since he is an officer and shareholder in the corporation, NM Ventures, Inc.
| .STANDARD OF REVIEW
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error.
ASSIGNMENT OF ERROR: LeBreton argues that the trial court erred by finding that he had personally bound himself in the contract with Brown’s Drywall to renovate the property for NM Ventures.
The trial court found that LeBre-ton and Leo Brown for Brown’s Drywall contracted for certain work in LeBreton’s renovation of certain property. It is the duty of an agent to disclose to those with whom he contracts that he is acting as an agent for a corporation in order to escape personal liability for the cost of the work performed. C.T. Traina Plumbing and Heating Contractors, Inc. v. Palmer, 580 So.2d 525, 528 (La.App. 4 Cir. 5/16/91), writ denied 584 So.2d 1166 (La.9/20/91).
*134 Brown and LeBreton met in October 1997. Brown’s Drywall started working at the job site in October. 1997. On 12 November 1997, Brown submitted a proposal, addressed to N.M. Ventures, for the work. At the time this proposal was submitted, 80% of the work had been completed by Brown’s Drywall. Our review of the record in its entirety convinces us that the trial court’s findings are reasonable.
CONCLUSION
For the above reasons, we find no reason to reverse the judgment of the trial court against LeBreton. We affirm the judgment against LeBreton.
AFFIRMED.